**Hector GUZMAN–GUTIERREZ,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

**Nos. 04–71657, 04–75325.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2005.

Decided Feb. 23, 2006.

Jennifer Rotman, Immigrant Law Group LLP, Portland, OR, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., David V. Bernal, Attorney, Richard M. Evans, Esq., Barry J. Pettinato, Esq., U.S. Department of

---

Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BROWNING, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM *

Hector Guzman–Gutierrez is a Mexican national who has accrued more than a year of unlawful presence in the United States. Although inadmissible under § 212(a)(9)(C)(i)(I) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(9)(C)(i)(I), Guzman–Gutierrez argued that he was eligible for penalty-fee adjustment of status under INA § 245(i). An Immigration Judge found him to be ineligible and granted him voluntary departure with an alternate order of removal. The Board of Immigration Appeals ("BIA") dismissed his appeal.

Although Guzman–Gutierrez filed a timely petition for review of the BIA's decision, he also filed a motion to reopen in which he contended that he was eligible for the extreme hardship waiver of INA § 212(a)(9)(B)(v). The BIA treated this motion as a motion for reconsideration and denied it as untimely.

■ For the reasons set forth in *Acosta v. Gonzales,* 439 F.3d 550 (2006), we reverse the BIA decision on the merits and conclude that Guzman–Gutierrez is eligible for penalty-fee adjustment of status under INA § 245(i).

■ Since we reverse on the merits, we ordinarily need not reach the issue of de-

nial of his motion for reconsideration. However, to the extent that he raises the extreme hardship waiver issue, it is foreclosed; it was first raised in such motion which was untimely because it was filed more than thirty days after the BIA's decision. We therefore affirm the BIA's dismissal of the motion for reconsideration.

**REVERSED and REMANDED in part, AFFIRMED in part.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

